FILED

NOV 17, 2021

Clerk, U.S. District Court
District of Montana
Billings Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| STATE OF MONTANA, ) | |
| ) | |
| Plaintiffs, ) | Case No.  **CV-21-122-BLG-SPW-KLD** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| BRIDGER PIPELINE LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

The United States of America, acting at the request of the U.S. Fish & Wildlife Service ("FWS") of the United States Department of the Interior ("DOI"), and the State of Montana ("State"), through the Natural Resource Damage Program acting on behalf of the Governor of the State of Montana, file this complaint and allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action against Bridger Pipeline LLC ("Defendant") brought under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702, and state law for recovery of damages for injury to, destruction of, loss of, or loss of use of natural resources resulting from

the release of crude oil in January 2015 from Defendant's Poplar Pipeline into the Yellowstone River near Glendive, Montana.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345. This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in the District of Montana under Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391 because the discharges and natural resource injuries and damages that are the subject of this action occurred in, and Defendant conducts business in, this judicial district.

## THE PARTIES

4.      Plaintiff United States of America is the trustee under Section 1006 of OPA, 33 U.S.C. § 2706, for natural resources, belonging to, managed by, controlled by or appertaining to the United States. Natural resources under federal trusteeship relevant to this action include, but are not limited to, migratory birds, fish, and their supporting ecosystems. The President has delegated authority to act as trustee for Federal natural resources and to present and recover damages for injury to such natural resources to the Secretary of the DOI, who has in turn delegated Federal Trustee responsibilities for this matter to the FWS.

5.      Plaintiff State of Montana, through the Governor, is the trustee under Section 1006 of OPA, 33 U.S.C. § 2706, for natural resources, belonging to, managed by, controlled by or appertaining to the State of Montana. Natural resources under State trusteeship relevant to this action include, but are not limited to, surface water, riverine aquatic habitat and supported

biota, birds, and services provided by the natural resources. The Montana Natural Resource Damage Program is acting on behalf of the Governor of the State of Montana.

6.      Defendant Bridger Pipeline LLC, which was organized on September 18, 2003 as a Wyoming corporation and has its principal office in Casper, Wyoming, has been the owner and operator of the Poplar Pipeline since December 1, 2003.

## FACTS

7.      The Poplar Pipeline was constructed in 1955 and transports crude oil from the Raymond meter station in Sheridan County, Montana, to the Baker station in Fallon County, Montana.

8.      On January 17, 2015, Defendant reported that the Poplar Pipeline had ruptured where it crosses underneath the Yellowstone River at a location approximately 6.25 river miles upstream from the town of Glendive, Dawson County, Montana, and oil began spilling into the Yellowstone River (the "Discharge").

9.      The Discharge occurred when the Yellowstone River was completely covered with ice at the site of the release, though oil sheens were spotted on ice-free patches of river near Crane, Montana, many miles downstream from the spill site.

10.     Natural resources affected by the Discharge include, but are not limited to, injuries to surface water, migratory birds and their supporting ecosystems, the fish, including pallid sturgeon, and associated riverine aquatic habitat, and human service losses.

11.     The Plaintiffs have incurred unreimbursed natural resource damage assessment costs as a result of the Discharge and unreimbursed reasonable technical and legal costs of assessing and enforcing a claim for the injuries.

**FIRST CAUSE OF ACTION**
**Damages Under OPA Section 1002**
**33 U.S.C. § 2702**

12.     Paragraphs 1 through 11 are realleged and incorporated herein.

13.     The Secretary of the Interior and the Governor of Montana are the designated Federal and State trustees, respectively, for natural resources injured as a result of the discharge, or the substantial threat of discharge, of oil related to the Discharge.

14.     The Poplar Pipeline from which oil was released as part of the Discharge, is an "onshore facility" within the meaning of sections 1001(9) and 1001(24) of OPA, 33 U.S.C. § 2701(9), (24).

15.     Defendant is a "person" within the meaning of section 1001(27) of OPA, 33 U.S.C. § 2701(27), and is the "owner" and "operator" of the Poplar Pipeline and all related facilities within the meaning of section 1001(26)(A)(ii) of OPA, 33 U.S.C. § 2701(26)(A)(ii). As a result, Defendant is a "responsible party" for the Poplar Pipeline within the meaning of OPA section 1001(32), 33 U.S.C. § 2701(32).

16.     The discharge of oil into the waters of Yellowstone River is a "discharge" within the meaning of sections 1001(7) and 1002(a) of OPA, 33 U.S.C. §§ 2701(7), 2702(a).

17.     The substance released in the Discharge is "oil" within the meaning of section 1001(23) of OPA, 33 U.S.C. § 2701(23).

18.     The Yellowstone River is a navigable water within the meaning of OPA.

19.     This discharge resulted in injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State.

20.     As a result of the discharge and/or substantial threat of discharge of oil from the

Discharge, "natural resources" within the meaning of section 1001(20) of OPA, 33 U.S.C. § 2701(20), were injured, destroyed, lost, or their use was diminished or lost.

21.     Pursuant to section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), Defendant is liable to the United States and to the State for damages for injury to, destruction of, loss of, or loss of use of natural resources resulting from the Discharge.  Defendant is liable without limitation for natural resource damages for such injuries, destruction and losses, including Natural Resource Damage Assessment Costs, under OPA.

## SECOND CAUSE OF ACTION
### Damages under CECRA

22.     Paragraphs 1 through 22 are realleged and incorporated herein.

23.     Section 75-10-715, Mont. Code Ann., of the Montana Comprehensive Environmental Cleanup and Responsibility Act (CECRA), Mont. Code Ann. §75-10-701 et seq., provides that "a person who owns or operates a facility where a hazardous or deleterious substance was disposed of" is liable, among other things, for "damages for injury to, destruction of, or loss of natural resources caused by the release or threatened release, including the reasonable technical and legal costs of assessing and enforcing a claim for the injury, destruction, or loss resulting from the release."

24.     The Defendant is a "person" within the meaning of Section 75-10-701(16) Mont. Code Ann., as the owner or operator within the meaning of Section 75-10-701(15) Mont. Code Ann., of a "facility" within the meaning of Section 75-10-701(4) Montana Code Annotated, where a "hazardous or deleterious substance" within the meaning of Section 75-10-701(8) Montana Code Annotated, was disposed of.

25.     The "natural resources" injured, destroyed, or lost are within the meaning of Section 75-10-701(12) Mont. Code Ann., and were caused by a "release" within the meaning of Section 75-10-701(19) Mont. Code Ann.

26.     Defendant is liable without limitation for damages for injury to, destruction of, or loss of natural resources caused by the release or threatened release, including the reasonable technical and legal costs of assessing and enforcing a claim for the injury, destruction or loss resulting from the release under CECRA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     ENTER judgment for Plaintiffs against Defendant on the claim set forth in the Complaint;

B.     AWARD Plaintiffs all damages for injury to, destruction of, and loss of natural resources resulting from the Discharge, including the unreimbursed past, present and future costs of assessing such damages, the cost of restoring, replacing, and/or acquiring the equivalent of those injured resources and the services they provide, and the past, present and future diminution in value of those resources pending restoration or replacement, in an amount to be proven at trial; and

C.     GRANT Plaintiffs such other relief as the Court deems just and proper.

Respectfully Submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JOHN SITHER

Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Telephone: (202) 514-5484
john.sither@usdoj.gov


LEIF M. JOHNSON
United States Attorney
District of Montana


MARK S. SMITH
Senior Litigation Counsel
U.S. Attorney's Office - District of Montana
316 N. 26th Street, #5018
Billings, MT 59101
Telephone: (406) 247-4630

MSmith4@usa.doj.gov


OF COUNSEL
ANN UMPHRES
Attorney-Advisor
U.S. Department of the Interior

Office of the Solicitor, Rocky Mt. Region
755 Parfet Street, Suite 151
Lakewood, CO 80215

-7-

FOR THE STATE OF MONTANA

KATHERINE HAUSRATH
Assistant Attorney General
HARLEY R. HARRIS
Supervising Assistant Attorney General
Montana Natural Resource Damage Program
1720 Ninth Avenue
P.O. Box 201425
Helena, MT 59620-1425
khausrath@mt.gov